MEMORANDUM **
Plaintiff Marvin Karlins brought this tort action against Defendant Hotel Ramada of Nevada, doing business as Tropicana Resort and Casino, for acts that occurred on March 7, 2001. On March 12, 2001, Plaintiff filed for bankruptcy protection. The trustee in bankruptcy is not a party to this case, and there is no allegation that the trustee has abandoned the claim at issue.
Plaintiffs tort claim was an asset of the bankruptcy estate. See Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707-09 (9th Cir.1986) (holding that a debtor’s extant state-law claim for emotional distress became property of the bankruptcy estate upon the filing of the bankruptcy). Accordingly, the claim had to be pursued, if at all, by the trustee through the bankruptcy process. See Turner v. Cook, 362 F.3d 1219, 1225-26 (9th Cir.2004) (holding that an individual who had filed for bankruptcy lacked standing to pursue the litigation because all legal and equitable interests in his claims had become the property of the bankruptcy estate and the record did not demonstrate the trustee’s abandonment of those claims). Any allegation that Defendant willfully violated the automatic stay in bankruptcy is also a matter for the bankruptcy court. See McGhan v. Rutz (In re McGhan), 288 F.3d 1172, 1179 (9th Cir. 2002); Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1081 (9th Cir.2000).
The district court’s orders are VACATED insofar as they decided anything about the sufficiency of the pleadings or the merits of the claim. The district court’s DISMISSAL of the action is, however,
AFFIRMED. Costs on appeal awarded to defendant-appellee.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.